CHARLES C. HOWARD & another[1] *vs.* JAE K. WEE & another.[2] No. 03-P-945. July 21, 2004. *Real Property,* Sale, Purchase and sale agreement. *Contract,* Sale of real estate, Damages. *Damages,* Liquidated damages.

The plaintiffs appeal from a judgment of the Superior Court awarding them $1,000, plus interest, as damages for the breach by the defendant Wee of his obligations under an offer to purchase real estate (OTP). The plaintiffs contend that they are entitled not only to the amount awarded, but also to an additional amount of $47,000 specified under the OTP as an additional deposit payable upon the parties' execution of a standard form purchase and sale agreement for the property.

Wee submitted the OTP to the plaintiffs on April 1, 1998. In it, Wee offered to purchase the plaintiffs' property at 56 Intervale Road, Brookline, for a total price of $480,000, of which $1,000 was paid with the OTP "as a deposit to bind this Offer," an amount of $47,000 was to be paid as an "additional deposit upon the execution of the Purchase and Sale Agreement provided for below," and the remaining balance was to be paid at the closing (which was specified to occur on June 23, 1998). Paragraph 3 of the OTP provided that "[t]he parties hereto shall, on or before 12:00 P.M. April 12th 1998, execute the applicable Standard Form Purchase and Sale Agreement recommended by the Greater Boston Real Estate Board or any form substantially similar thereto, which, when executed, shall be the agreement between the parties hereto." Paragraph 5 of the OTP provided that "[i]f I do not fulfill my obligations under this Offer, the above mentioned deposit shall forthwith become your property without recourse to either party. . . . A similar provision shall be included in the Purchase and Sale Agreement with respect to any deposits held under its terms." The plaintiffs executed the OTP, signifying their acceptance of Wee's offer, at 10:00 P.M. on April 1, 1998. Wee thereafter refused to enter into a purchase and sale agreement as contemplated under paragraph 3 of the OTP, and asserted no claim that his refusal was justified under any of the contingencies specified under the OTP.

We see no reason to disagree with the plaintiffs' contention, adopted by the Superior Court judge, that the OTP constituted a binding contract between the parties upon the plaintiffs' acceptance of it. See *McCarthy* v. *Tobin,* 429 Mass. 84, 86-88 (1999). The plaintiffs' claim for further damages fails, however, on the terms of the contract itself. Under the express terms of the OTP, the additional deposit of $47,000 was to become payable only upon the execution of the purchase and sale agreement on or before April 12, 1998. Paragraph 5 of

[1]Ronna D. Howard.
[2]Prudential/Edna Kranz Realty, Inc.

the OTP limited the plaintiffs' recourse for any breach by Wee to retention of the original deposit. Accordingly, upon Wee's refusal to execute the contemplated purchase and sale agreement, with its attendant additional deposit, the plaintiffs' sole recourse was to retain the $1,000 deposit paid with the OTP. The plaintiffs' suggestion, by reference to *McCarthy* v. *Tobin, supra* at 89-90, that they are entitled to specific performance to enforce Wee's undertaking to execute the standard purchase and sale agreement and make the additional deposit, fails to acknowledge the limitation of their recourse specified in paragraph 5 of the OTP.[3]

Similarly unavailing is the plaintiffs' attempt to distinguish the limitation on recourse provided in paragraph 5 of the OTP from the more detailed liquidated damages clause contained in the standard form purchase and sale agreement of the Greater Boston Real Estate Board.[4] While the limitation on recourse is unambiguous by its own terms, the anticipation in the last sentence of paragraph 5 that "a similar provision shall be included" in the more complete purchase and sale agreement to be executed by the parties further illustrates that the language of paragraph 5 is intended to achieve substantially the same effect.

Finally, there is no merit in the plaintiffs' suggestion that the modest deposit paid with the OTP is unreasonably low to be given effect as liquidated damages. As the Superior Court judge observed, particularly in light of the very brief period the initial deposit was designed to cover (the eleven days between the OTP and the full purchase and sale agreement), the parties' agreement to liquidated damages of $1,000 in the event of a buyer's breach was not unreasonable. See *Kelly* v. *Marx*, 428 Mass. 877, 880 (1999); *Lynch* v. *Andrew*, 20 Mass. App. Ct. 623, 627 (1985).

*Judgment affirmed.*

*George E. Richardson* for the plaintiffs.

---

[3]The OTP contains no parallel limitation of the buyer's recourse for a breach by the seller; it is that difference that allowed the buyers in *McCarthy* v. *Tobin*, 429 Mass. at 89-90, to obtain specific performance as a remedy for the seller's breach in that case.

[4]For an example of the more detailed provision, see Eno & Hovey, Real Estate Law § 763 (3d ed. 1995).